IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT PEDFORD (BOP Registration No. 46776-177), | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) | No. 3:16-CV-2650-K (3:13-CR-295-K-(15)) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Scott Pedford, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* Dkt. No. 2. After considering the Section 2255 motion (Dkt. No. 2), the government's response (Dkt. No. 5), and Pedford's reply (Dkt. No. 6), the Court **DENIES** the Section 2255 motion as meritless.

## Background

Pedford pleaded guilty to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(A). *See United States v. Argueta*, 3:13-CR-00295-K-15 (N.D. Tex.). In 2014, the Court sentenced him to 144 months in prison to be followed by five years of supervised release. *See id.* at Dkt. No. 773. He did not appeal.

After the Court entered Pedford's judgment, the United States Sentencing

1

Commission passed Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors that a district court should consider when determining whether to reduce a defendant's offense level based on his minor or mitigating role in the criminal conspiracy. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Pedford now moves under Section 2255 to reduce his sentence. He claims that the he is entitled to relief in light of Amendment 794. *See* Dkt. No. 2 at 4; *see also* Dkt No. 3 (arguing that Pedford is entitled to a sentence reduction in light of Amendment 794 and that such relief is available under Section 2255). The government responds that Pedford's claim is not cognizable under Section 2255 and encourages the Court to instead consider, and deny, the claim under 18 U.S.C. § 3582(c)(2). *See* Dkt. No. 5 at 1. However, Pedford opposes the Court construing his motion under Section 3582. *See* Dkt. No. 6 at 1-2 (arguing that a district court may grant Section 2255 relief to a movant who claims that Amendment 794 applies retroactively and provides for a lower guideline sentence).

## Legal Standard and Analysis

Pedford claims that the Court should reduce his sentence under U.S.S.G. § 3B1.2(b), in light of Amendment 794, because he was a "a minor participant in a group of dozens of defendants in his case." *See* Dkt. No. 3 at 1, 7. But his claim is not cognizable in this Section 2255 proceeding. *See United States v. Guerrero*, ___ F. App'x

\_\_\_, \_\_\_, 2017 WL 2703676, at * 1 (5th Cir. 2017) (noting that the defendant's claim that the district court should have retroactively applied Amendment 794 was not cognizable in a Section 2255 proceeding because "[c]laims of misapplication of the guidelines are not cognizable under § 2255.").

Moreover, to the extent that Pedford claims that the Court erred, at sentencing, by not reducing his offense level under Section 3B1.2, that claim is not cognizable here because an "'attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (citation omitted). Accordingly, Pedford is not entitled to relief under Section 2255.

Although the government urges the Court to construe Pedford's claim under Section 3582(c)(2), Pedford opposes such recharacterization. *See* Dkt. No. 6 at 1-2. Moreover, as the government recognizes, Pedford would not be entitled to relief under Section 3582(c)(2). Section 3582(c)(2) applies only to retroactive guideline

amendments that are listed in U.S.S.G § 1B1.10(d). *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). And because Amendment 794 is not listed there, it does not apply retroactively, and it cannot form the basis for resentencing Pedford under Section 3582(c)(2). *See Guerrero*, ___ F. App'x at ___, 2017 WL 2703676, at * 1; *see also Cuevas v. United States*, 1:16-cv-296-HSO, 2017 WL 3623747, at *2-3 (S.D. Miss. Aug. 30, 2017) ("Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not."). For these reasons, the Court will not construe Pedford's motion under Section 3582(c)(2). *See United States v. Gonzalez*, Civil No. 2:16-358, 2017 WL 3600448, at * 1 (S.D. Tex. Aug. 18, 2017) ("Because Amendment 794 is not retroactive, the Court is not authorized to reconsider whether Movant may qualify for a minor role under this Amendment.").

## Conclusion

For the foregoing reasons, the Court **DENIES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed September 11th, 2017.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE